CHRIS M. AMANTEA (SBN 147339)
  camantea@steptoe.com
CHRISTOPHER W. SMITH (SBN 256494)
  csmith@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West 5th Street, 7th Floor
Los Angeles, California 90071-3500
Telephone: (213) 439-9400 / Facsimile: (213) 439-9599

ANTHONY G. HOPP (*admitted pro hac vice*)
  ahopp@steptoe.com
**STEPTOE & JOHNSON LLP**
115 South LaSalle Street, 31st Floor
Chicago, Illinois 60603
Telephone: (312) 577-1300 / Facsimile: (312) 577-1370

Attorneys for Plaintiffs and Counterclaim-Defendants E.R.E. VENTURES, LLC,
E.R.E. LLC, and KANGARU ENTERPRISES, LLC d/b/a RUSACK VINEYARDS
d/b/a SANTA CATALINA ISLAND VINEYARDS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.R.E. VENTURES, LLC, a Delaware limited liability company; E.R.E. LLC, a Delaware limited liability company; and KANGARU ENTERPRISES, LLC, a Delaware limited liability company, d/b/a RUSACK VINEYARDS d/b/a SANTA CATALINA ISLAND VINEYARDS, <br><br> Plaintiffs, <br><br> vs. | Case No. 2:17-cv-01561-R-RAO <br><br> Hon. Manuel L. Real <br> Courtroom 880 <br><br> **STIPULATED PROTECTIVE ORDER[1]** <br><br> Action Filed: February 27, 2017 <br> Trial Date: January 30, 2018 |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1
**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

DAVID EVANS AND ASSOCIATES, INC., a Oregon corporation; HALL & FOREMAN, INC., a merged out California corporation; LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., a New Jersey corporation; CHRISTOPHERHILL DEVELOPMENT, INC., a California corporation; KOLOA PACIFIC CONSTRUCTION, INC., a California corporation; TERRAPACIFIC CONSULTANTS, INC., a Nevada corporation; and DOES 1-10, Inclusive,

      Defendants.

AND RELATED COUNTER AND CROSS-CLAIMS

## I.    **STIPULATED PROTECTIVE ORDER**

    A.    <u>Purposes and Limitations</u>

        Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

### B. Good Cause Statement

This action is likely to involve commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. Acknowledgement of Procedure for Filing Under Seal

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

DOC. # DC-10161133 V.2

## II. **DEFINITIONS**

A. <u>Action</u>:  this pending federal lawsuit.

B. <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

C. <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D. <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E. <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F. <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

J. <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm

that has appeared on behalf of that party, and includes support staff.

        K.      Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

        L.      Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

        M.      Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

        N.      Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

        O.      Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.  SCOPE

        The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

        Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## IV.  DURATION

        Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial

DOC. # DC-10161133 V.2

judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## V.  DESIGNATED PROTECTED MATERIAL

### A.  Exercise of Restraint and Care in Designated Material for Protection

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B.  Manner and Timing of Designations

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

DOC. # DC-10161133 V.2

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

### C. Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B. Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

### C.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party

**PROTECTIVE ORDER**

must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.** <u>Disclosure of "CONFIDENTIAL" Information or Items</u>

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII. PROTECTED MATERIAL SUBPOEANED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

DOC. # DC-10161133 V.2

## IX.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The inadvertent production of any document, electronically stored information, material or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under attorney-client privilege or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights by such inadvertent production. Upon discovery of such inadvertent production, a producing party may notify the receiving party and request return of any such document or information, as well as any and all copies which may have been made by the receiving party.

## XII. MISCELLANEOUS

A.  <u>Right to Further Relief</u>

Nothing in this Order abridges the right of any person to seek its modification

by the Court in the future.

### B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIII. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

DOC. # DC-10161133 V.2

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## XIV. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 27, 2017            STEPTOE & JOHNSON LLP


By:  */s/  Christopher W. Smith/*
     CHRIS M. AMANTEA
     ANTHONY G. HOPP
     CHRISTOPHER W. SMITH
Attorneys for Plaintiffs and Counterclaim-Defendants E.R.E. VENTURES, LLC, E.R.E. LLC, and KANGARU ENTERPRISES, LLC d/b/a RUSACK VINEYARDS d/b/a SANTA CATALINA ISLAND VINEYARDS

DATED: September 27, 2017            COLLINS COLLINS MUIR +
     STEWART LLP


By:  */s/  Brian K. Stewart/*
     BRIAN K. STEWART
     JESSICA J. MEAD
Attorneys for Defendants, Counterclaimants, Cross-claimants, and Counter-Defendants DAVID EVANS AND ASSOCIATES, INC. and HALL & FOREMAN, INC.

DOC. # DC-10161133 V.2

DATED: September 27, 2017   KOENIG JACOBSEN LLP


           By: */s/ Randall F. Koenig/*
              RANDALL F. KOENIG
              WILFRED A. LLAURADO
           Attorneys for Defendant, Counterclaimant,
           Cross-claimant, and Counter-Defendant
           LANGAN ENGINEERING &
           ENVIRONMENTAL SERVICES, INC.

DATED: September 27, 2017   LAW OFFICES OF DONALD R.
           McKILLOP


           By: */s/ Donald R. McKillop/*
              DONALD R. McKILLOP
           Attorneys for Defendant, Counterclaimant,
           Cross-claimant, and Counter-Defendant
           CHRISTOPHERHILL DEVELOPMENT,
           INC.

DATED: September 27, 2017   FINCH, THORNTON & BAIRD LLP


           By: */s/ David S. Demian/*
              DAVID S. DEMIAN
              CHRISTOPHER S. SILLARI
              DEREK J. ONYSKO
           Attorneys for Defendants and Counter-
           Defendants KOLOA PACIFIC
           CONSTRUCTION, INC.

///
///
///
///
///

**PROTECTIVE ORDER**

DATED: September 27, 2017          CLARK HILL LLP


                                   By: */s/ Theodore D. Levin/*
                                        THEODORE D. LEVIN
                                        STEVEN L. HOCH
                                        TALA REZAI
                                   Attorneys for Defendants and Counter-
                                   Defendants TERRAPACIFIC
                                   CONSULTANTS, INC.


## CERTIFICATION OF CONCURRENCE FROM ALL SIGNATURES

I, Christopher W. Smith, am the ECF user whose ID and password are being used to file this Stipulated Protective Order.  In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

                                   */s/  Christopher W. Smith/*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED   9/26/2017

HON. ROZELLA A. OLIVER
United States Magistrate Judge

---

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [Print or Type Full Name], of

_____ [Print or Type Full Address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [Print Date] in the case of

*E.R.E. Ventures, LLC, et al. v. David Evans and Associates, Inc., et al.*, Case No.

2:17-cv-01561-R-RAO.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

**PROTECTIVE ORDER**

# PROOF OF SERVICE

### F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2060

I am a resident of, or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is:  Steptoe & Johnson LLP, 633 West Fifth Street, Suite 700, Los Angeles, California 90071.

On **September 27, 2017**, I served the following listed document(s), by method indicated below, on the parties in this action:  **STIPULATED PROTECTIVE ORDER**

### *SERVICE LIST ATTACHED*

☒ **BY U.S. MAIL**
By placing ☐ the original / ☒ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 633 W. 5th St., Los Angeles, CA 90071, following ordinary business practices.  I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing.  Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

☐ **BY PERSONAL SERVICE**
☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).

☒ **BY CM/ECF ELECTRONIC SERVICE**
The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document

☐ **BY ELECTRONIC SERVICE**
**(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address _____@steptoe.com at approximately _____.  To my knowledge, the transmission was reported as complete and without error.  *See* Cal. R. Ct. R. 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list.  Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

I declare under penalty of perjury under the laws of the *State of California* and the *United States of America* that the above is true and correct.  Executed on **September 27, 2017,** at Los Angeles, California.

Carmen Markarian                                              */Carmen Markarian/*
Type or Print Name                                              Signature

---

**PROTECTIVE ORDER**

## SERVICE LIST

### *ERE Ventures LLC v. David Evans, et al.*

### 2:17-cv-01561-R-RAO

| | |
|---|---|
| Jessica J. Mead, Esq.<br>  jmead@ccmslaw.com<br>Brian Stewart, Esq.<br>  bstewart@ccmslaw.com<br>**COLLINS COLLINS MUIR &**<br>  **STEWART, LLP**<br>1100 El Centro Street<br>South Pasadena, CA<br>T: 626-243-1100<br>F: 626-243-1111 | Attorneys for Defendant<br>David Evans and Associates, Inc. &<br>Hall & Foreman, Inc. |
| Randall F. Koenig, Esq.<br>  rfk@kjattorneys.com<br>Wilfored A. Llaurado, Esq.<br>  wal@kjattorneys.com<br>**KOENIG JACOBSEN LLP**<br>16300 Bake Parkway<br>Irvine, CA 92618<br>T:  (949)756-0700<br>F:  (949)756-2370 | Attorney for<br>Langan Engineering and<br>Environmental Services, Inc. |
| David S. Demian, Esq.<br>  ddemian@ftblaw.com<br>Christopher R. Sillari, Esq.<br>  csillari@ftblaw.com<br>Derek J. Onysko, Esq.<br>  donysko@ftblaw.com<br>**FINCH, THORNTON & BAIRD LLP**<br>4747 Executive Drive, Suite 700<br>San Diego, CA 92121-3107<br>T: (858)737-3100<br>F: (858)737-3101 | Attorney for<br>Koloa Pacific Construction, Inc. |

**PROTECTIVE ORDER**

DOC. # DC-10161133 V.2

| | |
|---|---|
| Theodore D. Levin, Esq.<br>  TLevin@mpplaw.com<br>Steven L. Hoch, Esq.<br>  SHoch@mpplaw.com<br>Tala Rezai, Esq.<br>  TRezai@mpplaw.com<br>**MORRIS POLICH & PURDY LLP**<br>1055 W. Seventh Street, 24th Floor<br>Los Angeles, CA 90017<br>T: (213)891-9100<br>F: (213)488-1178 | Attorney for<br>Terra Pacific Consultants, Inc. |
| Donald R. Mckillop, SR., Esq.<br>  don@mckilloplaw.com<br>**LAW OFFICES OF DONALD R.**<br>  **McKILLOP**<br>12396 World Trade Drive, Suite 202<br>San Diego, CA 92128<br>T: (858)487-8118<br>F: (858)487-8109 | Attorney for<br>Christopherhill Development, Inc. |

20

**PROTECTIVE ORDER**

1

**ATTACHMENT A TO PROTECTIVE ORDER**