Theodore D. Levin, Esq., SBN: 124946
TLevin@clarkhill.com
Steven L. Hoch, Esq., SBN: 59505
SHoch@clarkhill.com
Renee S. Diaz, Esq., SBN: 186320
RDiaz@clarkhill.com
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:    (213) 891-9100
Facsimile:    (213) 488-1178

Attorneys for Defendant,
**TERRAPACIFIC CONSULTANTS, INC.**

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.R.E. VENTURES, LLC, a Delaware limited liability company; E.R.E. LLC, a Delaware limited liability company; and KANGARU ENTERPRISES, LLC, a Delaware limited liability company, d/b/a RUSACK VINEYARDS d/b/a SANTA CATALINA ISLAND VINEYARDS,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID EVANS AND ASSOCIATES, INC., a Oregon corporation; HALL & FOREMAN, INC., a merged out California corporation; LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., a New Jersey corporation; CHRISTOPHERHILL DEVELOPMENT, INC., a California | Case No.: 2:17-cv-01561-R-RAO<br>[Action Filed: February 27, 2017]<br>[Assigned to Hon. Manuel L. Real, Courtroom 880]<br><br>**DEFENDANT TERRAPACIFIC CONSULTANTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS**<br>[Filed Concurrently with Declaration of Steven L. Hoch and [Proposed] Order]<br><br>DATE: April 10, 2018<br>TIME: 9:00 a.m.<br>CTRM: 880 |

1

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                                                              Case No.: 2:17-cv-01561-R-RAO

| | |
|---|---|
| corporation; KOLOA PACIFIC CONSTRUCTION, INC., a California corporation; TERRAPACIFIC CONSULTANTS, INC., a Nevada corporation; and DOES 1-10, Inclusive,<br><br>Defendants | Pre-Trial Conference: March 12, 2018<br>Trial: April 10, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 10, 2018, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 880 of the above-mentioned court located at 255 East Temple Street, Los Angeles California 90012, Defendants, and Cross Defendants TerraPacific Consultants Inc. ("TCI") will and hereby does move the Court for an order precluding Plaintiffs E.R.E. Ventures LLC, E.R.E. LLC, and Kangaru Enterprises, LLC d/b/a/ Rusack Vineyards, d/b/a Santa Catalina Island Vineyards, (collectively "ERE") from referencing any testimony of Plaintiffs' expert Mark Travers concerning the Ring & Bender attorney's fees being response costs.

This motion is made on the grounds that any expert testimony based on speculative information, include review of attorney's fees that were redacted to the point that the purpose of the entry is unascertainable, is unreliable and irrelevant, and therefore inadmissible. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), as well as raising a substantial danger of confusing the issues, misleading the jury, and wasting time Fed. R. Evid. 401, 402 and 403)..

This motion is based on this notice, the attached memorandum of points and authorities, the declaration of Steven L. Hoch ("Hoch Decl.")[1] and all records,

---

[1] All Exhibits referenced herein are attached to the accompanying Hoch Decl.

2

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                       Case No.: 2:17-cv-01561-R-RAO

1  pleadings, and filings in this action, together with any oral and documentary
2  evidence presented at the hearing for this motion.

3

4  Dated: March 12, 2018                    Respectfully submitted,

5
                                            **CLARK HILL LLP**
6
                                                *Steven L. Hoch* /s/
7                                           By: _____
8                                               Theodore D. Levin
                                                Steven L. Hoch
9                                               Renee S. Diaz
10                                          Attorneys for Defendant,
                                            **TERRAPACIFIC CONSULTANTS,**
11                                          **INC.**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant TerraPacific Consultants, Inc. ("TCI") seeks to preclude Plaintiffs E.R.E. Ventures LLC, E.R.E. LLC, and Kangaru Enterprises, LLC d/b/a/ Rusack Vineyards, d/b/a Santa Catalina Island Vineyards, (collectively "ERE") from presenting the expert testimony of Mark Travers ("Travers") regarding whether the attorney's fees from Ring & Bender constitute response costs under CERLA – bills which the experts admits he did not review in an un-redacted format – on the grounds that such testimony is unreliable and irrelevant, and therefore inadmissible, as well as raise a substantial danger of unfair prejudice, confusing the issues, and wasting time.

This case arises from the discovery and disturbance of naturally occurring asbestos ("NOA") at the El Rancho Escondido Construction Project ("Project") site. TCI entered into two contracts, executed in January 2013, and March 2013, to provide limited geotechnical services on the site only for the Project. Plaintiffs filed a Complaint alleging that TCI is liable for the failure to implement a dust mitigation plan and any resulting damages under sections 107(a) and 113(g)(2) of the federal Comprehensive Environmental Response, Compensation and Liability Act, as amended 42 U.S.C. §§ 9601-9675 ("CERCLA"), section 25323 of the Carpenter-Presley-Tanner Hazardous Substances Account Act ("HSAA"), the state counterpart to CERCLA, Cal. Health & Safety Code §§ 25300-25395.45, the Declaratory Relief Act, 28 U.S.C. §§ 2201, 2202, and other pendent state common law claims.

At trial, it is anticipated that Plaintiffs will attempt to elicit testimony from expert Mark Travers that, based on his review of Ring & Bender's redacted attorney's fee invoices, all of ERE's attorneys fees relating to the Project incurred for legal services performed by the Ring & Bender law firm were reasonable
4

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                                Case No.:  2:17-cv-01561-R-RAO

response costs. Any testimony based on such redacted documents is inherently speculative and unreliable and, therefore, inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), as well as misleading and confusing as to TCI. Fed. R. Evid. 401, 402, 403. As such, Plaintiffs should be precluded from eliciting any expert testimony based on the redacted Ring & Bender invoices, as they are inadmissible, and raise a substantial danger of unfair prejudice, confusing the issues, and wasting time.

Federal Rule of Evidence 402 states in pertinent part, "irrelevant evidence is not admissible." Federal Rule of Evidence 401 provides that "evidence is relevant if it (a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. The court has no discretion to admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992). The Court has the power to exclude even relevant evidence when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

## II. AS TRAVERS ADMITTED HE HAD NOT REVIEWED THE UN-REDACTED RING & BENDER BILLS, OPINIONS ABOUT THE RESONABLENESS OF THOSE BILLS, AS WELL AS THE ANTICIPATED REDUCTION OF THOSE IN THE RANGE OF 10-20%, IS SPECULATIVE AND UNRELIABLE

Travers has opined that the Ring & Bender bills were reasonable response costs, although he intends to reduce them by 10 to 20%:
Travers testified:

> Q. **Did you as part of your evaluation of costs incurred in response to the NOA at the site – whether individual costs were, in fact, reasonable?**

> A. <u>Yes.</u>
>
> Q. <u>With respect to the costs that you identified in your report, do you believe all of those costs were reasonable?</u>
>
> A. <u>Yeah. I would say as I continue to review some of the costs and some of the invoices, I might ultimately want to reduce costs for -- such as some of the Ring & Bender invoices, costs. Because as I look through the invoices -- and they're heavily redacted. But as I look through them, I see things that I would probably pull out and no longer include in the total.</u>
>
> Q. By that response, it's my understanding then that you're still going through and evaluating costs today?
>
> A. I was doing further review of those costs in preparation for today.
>
> Q. Is it your intention to amend your expert report you complete that evaluation?
>
> A. I haven't discussed whether we should – whether I should or should not yet with counsel.
>
> Q. Based on what you've done so far, do you anticipate a need to amend any of the opinions you reached or conclusions you reached in the expert report we've marked as 319?
>
> A. <u>I would say I may want to reduce some of the past costs.</u>
>
> Q. <u>Any idea of the rough or magnitude of the reduction?</u>
>
> A. <u>Probably in Ring & Bender itself, somewhere in the 10 to 20 percent of their current total.</u>

*See* **Exhibit A**, at pp. 46:1-14, 47:3-8; emphasis added.  Travers made this assertion despite that fact that he has never reviewed attorney's bills in connection with a CERCLA case involving NOA, and thus had no educated basis on which to so state:

> [Q] I presume based on the fact that **you've not had prior projects related to responding to naturally occurring asbestos on a site, that you've not had prior experience evaluating the reasonableness of a law firm's billings with respect to responding to naturally occurring asbestos on a site; is that correct?**
>
> A. **I have not** reviewed it -- a law firm's bills in regards to naturally occurring asbestos on a site.
>
> Q. As part of your prior experience evaluating costs for response to whether it be CERCLA or other hazardous substance, is it regularly a part of your scope to review legal bills?

6
DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                                           Case No.: 2:17-cv-01561-R-RAO

> A. In a sense of just understanding is this set of legal bills related to that activity. But not reviewing them in detail.

See **Exhibit A**, at pp. 47:20-48:9; emphasis added. **Travers further made this assertion despite the fact that he has only seen *redacted* copies of the Ring & Bender bills**.

Moreover the anticipated 10-20% reduction of the Ring & Bender bills is itself speculative and uncertain. When queried as to the bases for this reduction of the Ring & Bender bills, Travers testified that as he made a "rough" and "cursory" estimaten of the reduction he would give to the amounts stated in his report:

> Q. **And what would that reduction be based on?**
> A. When I read through their invoices in more detail -- and if I take a really hard line, any time I hear things like mediation -- the word "mediation" used or "dispute" or "resolution," which appears to be unrelated to -- it appears to be related to claim issues, then I said "**Okay. I'm just going to assume everything in that line comes out.**" **And when I did that, a very rough cursory sort of way, it reduces their total by 10 or 20 percent**.

See, **Exhibit 1**, Deposition of Mark Travers, at pp. 46:1-47:18; emphasis added. However,Travers has not published an amended report, and thus the "reduction" is simply a theoretical possibility..

There can be no dispute that Travers admitted he did not review the un-redacted Ring & Bender attorney's fee invoices, nor did he ever request them to make an accurate assessment of the reasonableness of the bills:

> Q. Okay. Your evaluation of Ring & Bender's bills -- did you feel the descriptions were full and complete? Or were there times where it was unclear what, in fact, activity was being done?
> A. **With all the redaction, it's kind of hard to read through them**. That's why I said anytime I saw certain words that said the entire amount related to that, I would pull that out. And that's how I got to the 10 to 20 percent reduction.
> Q. **In order to be more certain in your evaluation of whether the Ring & Bender costs, for example, were reasonable, would you -- would it be easier for you if you had unredacted copies of those bills?**
> A. I think anytime you have something that's unredacted, **it's easier to understand what's going on than redacted**.
> Q. **Did you ask counsel for unredacted copies of those bills?**
> A. **I have not**.

7
DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                         Case No.: 2:17-cv-01561-R-RAO

*See*, **Exhibit 1**, Deposition of Mark Travers, at pp.48:10-49:3; emphasis added.

As such, Travers' opinions regarding the reasonableness of the Ring & Bender bills as response costs, and even the putative reduction of 10-20%, are speculative and uncertain, and should not be presented to the jury, as they are unreliable.

### III. EXPERT TESTIMONY BASED ON INCOMPLETE REDACTED RECORDS ARE UNRELIABLE AND MUST BE EXCLUDED

The Court must ensure that any and all scientific testimony or evidence admitted is not only relevant, but is also reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). *Daubert* requires a two part analysis: the Court must determine (1) whether an expert's testimony is reliable and trustworthy, and (2) whether the testimony is relevant. *Salinas v. Amteck Kentucky, Inc.*, 682 F. Supp. 2d 1022, 1029-30 (N.D. Cal. 2010) (citing to *Daubert*, 509 U.S. 590, 597).

Scientific evidence is reliable if it is based on an assertion grounded in the methods of science. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 841 (9th Cir. 2001). Reliability is not determined by the correctness of the expert's conclusions, but the soundness of the methodology. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). In determining whether an expert's reasoning or methodology is valid, the Court may consider "(1) whether a scientific theory or technique can be (and has been tested); (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the techniques operation; and (4) whether the technique is generally accepted." *Salinas*, 682 F. Supp. 2d at 1030 (citing to *Daubert*, 509 U.S. 593-94).

Here, Travers's testimony about the reasonableness of the Ring & Bender

8

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                    Case No.: 2:17-cv-01561-R-RAO

bills as response costs should be excluded on the basis that such testimony is not the product of reliable principles and methods. Travers testified that he had never seen (or even requested) un-redacted copies of the Ring & Bender bills, so could only assume what information was redacted. Since he lacked information as to what had been redacted, he made what amounts to a guess that there should be a 10-20% reduction of the total Ring & Bender bills. This reduction percentage is obviously a guess since Travers has no knowledge of the what was redacted.

This is unreliable on three separate levels:

*First*, since Travers does not know what was redacted, he has no rational basis to say the any line item billing entry amount that contains a partial or complete redaction was reasonable, since he lacks information as to what information was withheld. Thus, at best, he is guessing that the amount billed is reasonable, with no support.

*Second*, Travers made assumptions that any billing entry that had the word "mediation" or "dispute" or "resolution," related to mediation or settlement efforts, and thus was not a response costs. However, the 10-20% reduction he posits is not based on anything ther than an assumption. While the reduction is all well and good, it is not supported by any reliable or repeatable scientific or mathematical arithmetic; rather it is simply a "spit ball" estimate or guess.

*Third*, Travers' cannot cay with certainty that his 10-20% reduction is an accurate assessment of the Ring & Bender bills, because he does not know that information was withheld. His opinion that the Ring & Bender bills are "reasonable" is not supported by anything more than speculation that a 10-20% reduction would be sufficient to counteract the prejudice caused to TCI by being unable to review the actual un-redacted Ring & Bender bills, and to question not only Travers about them, but the attorneys at Ring & Bender who prepared the bills. Simply put, there is no way to test the calculations behind the reduction, as

9

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                                                      Case No.: 2:17-cv-01561-R-RAO

they are purely speculative. Accordingly, the math methodology behind Travers' reduction is scientifically untested and un-reproducible.

Given these fundamental flaws, Travers' opinions are based on unreliable and unscientific methods, and the untested (and un-testable) nature of his calculations, Travers' opinions regarding the reasonableness of the Ring & Bender bills, as a whole, is based on speculation, and is thus unreliable. As such, Plaintiffs and their experts should be precluded from presenting Travers' opinions that the Ring & Bender bills are reasonable response costs at trial.

## V. CONCLUSION

Based on the foregoing, TCI respectfully requests that this Court under *Daubert* preclude Plaintiffs from eliciting any expert testimony from Mark Travers, or any other expert, as to the reasonableness of the Ring & Bender attorney's fee invoices as response costs at trial.

Alternatively, if the Court is inclined to consider permitting Travers' testimony in this regard, TCI requests that the Court require Plaintiffs to produce complete and un-redacted copies of the Ringer & Bender invoices to TCI, allow TCI and its experts to depose the Ring & Bender attorney's who performed this work to probe the reasonableness of it, and, thereafter, pursuant to Fed. R. Evid. 104(c)(3), the Court set a hearing out of the presence of the jury to voir dire Mr. Travers as to the foundation his opinions, so as to make a determination as whether he may be permitted to testify as to this issue at all.

10

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                              Case No.: 2:17-cv-01561-R-RAO

Dated: March 12, 2018

Respectfully submitted,

**CLARK HILL LLP**

By: ___*Steven L. Hoch* /s/___
   Theodore D. Levin
   Steven L. Hoch
   Renee S. Diaz
Attorneys for Defendant,
**TERRAPACIFIC CONSULTANTS, INC.**

11

DEFENDANT TERRAPACIFIC CONSULTANTS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

216916192.1                                    Case No.: 2:17-cv-01561-R-RAO

# CERTIFICATE OF SERVICE

*E.R.E. Ventures, LLC, et al. vs. David Evans and Associates, Inc., et al.*

I, the undersigned, an employee of Clark Hill LLP, located at 1055 West Seventh Street, 24th Floor, Los Angeles, California, 90017 declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter, action or proceeding.

On March 12, 2018, I served the foregoing document(s) described as **DEFENDANT TERRAPACIFIC CONSULTANTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF MARK TRAVERS RE RESPONSE COSTS**

☒ **BY CM/ECF** The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

☒ **FEDERAL** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 12, 2018 at Los Angeles, California.

```
                              /s/ Ada Garcia
                              Ada Garcia
```