JS-6

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11
| | |
|---|---|
| E.R.E. VENTURES, LLC, et al. | Case No. 2:17-cv-01561-FLA (RAOx) |
| Plaintiffs, | |
| v. | **ORDER:** |
| | **(1) DENYING DEFENDANTS' REQUESTS FOR DISMISSAL PURSUANT TO FED. R. CIV P. 41(b); (2) DENYING PLAINTIFFS' REQUESTS FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV P. 54(b); (3) GRANTING DEFENDANTS DAVID EVANS AND ASSOCIATES, INC. AND HALL & FOREMAN, INC.'S REQUEST FOR JUDGMENT ON PLAINTIFFS' NINTH AND TENTH CLAIMS; AND (4) GRANTING PLAINTIFF'S REQUEST TO DISMISS DEFENDANTS' COUNTERCLAIMS AS MOOT [DKTS. 312, 313, 323, 328]** |
| DAVID EVANS AND ASSOCIATES, INC, et al. | |
| Defendant/s. | |

1    <u>**RULING**</u>

2        For the reasons stated below, the court DENIES Defendants David Evans and

3    Associates, Inc. ("DEA") and Hall & Foreman, Inc. ("HFI") (collectively, the "DEA

4    Defendants") and Langan Engineering & Environmental Services, Inc.'s ("Langen")

5    (altogether, "Defendants") requests for the court to dismiss the action pursuant to

6    Fed. R. Civ. P. 41(b) ("Rule 41(b)"), Dkts. 323, 328.  The court DENIES Plaintiffs

7    E.R.E. Ventures, LLC ("ERE Ventures"), E.R.E. LLC ("ERE"), and Kangaru

8    Enterprises, LLC d/b/a Rusack Vineyards and Santa Catalina Island Vineyards'

9    ("Kangaru") (collectively, "Plaintiffs") requests for entry of final Judgment pursuant

10   to Fed. R. Civ. P. 54 (b) ("Rule 54(b)"), and alternative request for dismissal without

11   prejudice of Plaintiffs' ninth and tenth causes of action against the DEA Defendants,

12   Dkts. 312, 313.

13       The court GRANTS the DEA Defendants' alternative request and GRANTS

14   judgment against Plaintiffs and in the DEA Defendants' favor on Plaintiffs' ninth and

15   tenth causes of action, Dkt. 323.  Judgment is ENTERED in Defendants DEA, HFI,

16   and Langan's favor on Plaintiffs' Complaint.  *See* Fed. R. Civ. P. 54.  Plaintiffs'

17   request to dismiss Defendants' counterclaims, Dkt. 313, is GRANTED in the

18   alternative, and Defendants DEA, HFI, and Langan's counterclaims are DISMISSED

19   as moot.  The court further GRANTS in part the parties' Joint Stipulation re:

20   Voluntary Dismissal ("Joint Stipulation"), to the extent the stipulation does not

21   conflict with this order; the Joint Stipulation is otherwise DENIED.  The parties shall

22   have 30 days from the entry of this order and judgment to file an appeal, which may

23   include an appeal of Judge Manuel L. Real's order granting Defendants' motions for

24   summary judgment, Dkt. 169, and this court's grant of judgment in the DEA

25   Defendants' favor on Plaintiffs' ninth and tenth causes of action.  *See* Fed. R. App. P.

26   4(a)(1)(A).

27       Finally, the court ORDERS counsel for all remaining parties to read and

28   review the Central District of California's Civility and Professionalism Guidelines,

which are available at: https://www.cacd.uscourts.gov/attorneys/admissions/civility-
and-professionalism-guidelines, and to submit declarations signed by all attorneys
currently representing these parties, within 14 days of this order, attesting to their
review of these guidelines in their entirety.

I.    **BACKGROUND**

Plaintiffs filed the Complaint in this action on February 27, 2017, asserting ten
causes of action for: (1) cost recovery under the Comprehensive Environmental
Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675;
(2) declaratory relief under CERCLA; (3) cost recovery and indemnity under the
Carpenter-Presley-Tanner Hazardous Substances Account Act ("HSAA"), Cal.
Health & Safety Code §§ 25300-25395.45; (4) breach of contract; (5) express
indemnity; (6) private nuisance; (7) trespass; (8) negligence; (9) equitable indemnity;
and (10) declaratory relief.  Dkt. 1.  Plaintiffs asserted all claims against Defendants
DEA, HFI, and Langan, and former Defendants Christopherhill Development, Inc.
("CDI"), and Terrapacific Consultants, Inc. ("TCI"), and asserted all claims except
for the fifth cause of action against former Defendant Koloa Pacific Construction,
Inc. ("KPC").  *Id.*  The action was assigned to Judge Real on February 28, 2017.
Dkt. 5.

On May 16, 2017, Defendant Langan filed, in relevant part, counterclaims
against Plaintiffs for: (1) comparative indemnity and apportionment of fault; (2)
express contractual indemnity; and (3) implied indemnity.  Dkt. 35 at 20-22.  Langan
also asserted crossclaims against the DEA Defendants for: (1) comparative indemnity
and apportionment of fault; (2) express contractual indemnity; and (3) implied
indemnity.  *Id.* at 24-26.

On May 25, 2017, former Defendant CDI filed a counterclaim for breach of
contract against ERE Ventures and crossclaims for: (1) equitable indemnity; (2)
comparative indemnity; and (3) express contractual indemnity against Plaintiffs and
Defendants DEA, HFI, KPC, and TCI.  Dkt. 45 at 20-26.

On June 8, 2017, the DEA Defendants filed, in relevant part, amended counterclaims for: (1) contribution under CERCLA against Plaintiffs; (2) express indemnity against Kangaru; and (3) declaratory judgment against Plaintiffs. Dkt. 54 at 29-32. The DEA Defendants also asserted second amended crossclaims for: (1) contribution under CERCLA against Langen, CDI, TCI, and KPC; (2) express indemnity against CDI and Langan; (3) equitable indemnity against Langen, CDI, TCI, and KPC; and (4) declaratory judgment against Langen, CDI, TCI, and KPC. *Id.* at 34-39.

On December 6, 2017, the DEA Defendants filed a Motion for Partial Summary Judgment ("DEA MSJ"), requesting summary judgment on Plaintiffs' first through eighth causes of action. Dkt. 97. That same day, Defendant Langan filed a Motion for Summary Judgment ("Langan MSJ") requesting, inter alia, summary judgment on all ten causes of action in the Complaint. Dkt. 98. Also on that date, Defendant TCI filed a Motion for Partial Summary Judgment ("TCI MSJ") requesting the court find the limitations of liability provisions in contracts executed between the parties were valid, enforceable, and applicable to all of Plaintiffs' claims against TCI. Dkt. 102.

On February 9, 2018, the court issued orders on these Defendants' Motions for Summary Judgment ("MSJ Order"). Dkt. 169. Judge Real (1) granted the DEA MSJ and judgment in the DEA Defendants' favor on Plaintiffs' first through eighth causes of action, (2) granted the Langan MSJ and judgment in Langan's favor on all ten of Plaintiffs' causes of action, and (3) denied the TCI MSJ. *Id.* at 12.

On June 15 and October 12, 2018, Plaintiffs and Defendants TCI, CDI, and KPC filed Motions for Contribution Protection, Determination of Good Faith Settlement, and Orders Barring and Dismissing Claims ("Motions for Approval of Good Faith Settlement"). Dkts. 287, 296. The court granted these motions on July 30 and October 31, 2018, barring any and all claims for contribution or indemnity against TCI, CDI, and KPC and dismissing them from the action with prejudice,

except for any claims expressly reserved in the parties' settlement agreements.  Dkts. 290, 299.

On August 17, 2018, the parties submitted the Joint Stipulation, agreeing and recognizing that the parties would each be bound by the good faith and contribution bar orders issued or that may be issued by the court, with respect to former Defendants TCI, CDI, and KPC, pursuant to the parties' Motions for Approval of Good Faith Settlement.  Dkt. 293 at 3-4.  The parties additionally stipulated to voluntarily dismiss the following claims without prejudice:

- Plaintiffs' claims for equitable indemnity and declaratory relief against the DEA Defendants;
- Langan's claims for comparative indemnity and apportionment of fault, express contractual indemnity, and comparative indemnity against the DEA Defendants;
- The DEA Defendants' claims for contribution under CERCLA, express indemnity, and declaratory judgment against Plaintiffs; and
- The DEA Defendants' claims for contribution under CERCLA, express indemnity, equitable indemnity, and declaratory judgment against Langan.

*Id.* at 2-3.  Plaintiffs and the DEA Defendants further agreed to withdraw their pending motions in limine, Plaintiffs' Motion to Vacate Summary Judgment Order and Rule 37 Motion for Evidentiary Sanctions (Dkts. 268, 269), and Plaintiffs' Motion for Judgment on the Pleadings ("MJOP") on the DEA Defendants' counterclaims (Dkt. 270).[1]  On August 22, 2018, the court issued the "Order on Joint Stipulation Regarding Voluntary Dismissal," entering the Joint Stipulation into the court docket.  Dkt. 294.

On November 26, 2018, Plaintiffs appealed the district court's grant of partial summary judgment in favor of the DEA Defendants and grant of summary judgment

---

[1] Plaintiffs' MJOP requested the court grant judgment on the pleadings against the DEA Defendants on their counterclaims, on the grounds that they were mooted by the court's MSJ Order and grant of summary judgment in the DEA Defendants' favor on eight out of Plaintiffs' ten claims.  Dkt. 270 at 3.

in favor of Langan, and the action was assigned Appeal Case No. 18-56573.  Dkts.
301, 303.  On May 23, 2019, Judge Real issued a minute order administratively
closing the action, stating the "[c]ase should have been closed on entry dated October
31, 2018."  Dkt. 304.  Judge Real passed away on June 26, 2019, during the pendency
of the appeal.

On July 8, 2020, the Ninth Circuit issued an order deeming the appeal
premature.  Dkt. 309 at 2-3.  As the court explained:

> Following the grant of partial summary judgment in favor of DEA
> [Defendants] and Langan, all parties—including the defendants not
> subject to this appeal—filed a joint stipulation dismissing their
> claims without prejudice.  The district court did not approve the
> stipulation or otherwise participate in the voluntary dismissal.
> Rather, the district court simply entered a minute order noting that
> the case "should have been closed on entry date 10/31/2018."  The
> district court never entered a final judgment.
>
> This court only has jurisdiction over appeals from a final judgment.
> *See Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020).  "[A]
> voluntary dismissal *without prejudice* is ordinarily *not* a final
> judgment from which the plaintiff may appeal."  *Id*. (citation
> omitted) (emphases in the original).  Our recent decision in *Galaza*
> requires that the district court "meaningfully participate" in the
> voluntary dismissal of claims in order for this court to have
> jurisdiction over the appeal.  *Id*. at 1271.  Meaningful participation
> means more than the court simply entering an order allowing
> (without necessarily approving) a voluntary dismissal, as the district
> court did in this case.  *Cf. James v. Price Stern Sloan, Inc*., 283 F.3d
> 1064, 1066 (9th Cir. 2002) (noting the "district court's participation"
> in the voluntary dismissal).

*Id.* (italics in original).

While an exception to the general rule requiring a final judgment exists "when a
party that has suffered an adverse partial [summary] judgment subsequently dismissed
remaining claims without prejudice with the approval of the district court, and the
record reveals no evidence of intent to manipulate [the Ninth Circuit's] appellate
jurisdiction," the Ninth Circuit held that exception did not apply because the district

court had not approved the Joint Stipulation. *Id.* at 3 (italics omitted). The Ninth Circuit further noted the record contained evidence the parties intended to manufacture jurisdiction, as the parties' correspondence reflected that Plaintiffs had conditioned their agreement to the stipulation on retaining the ability to revive their dismissed claims, depending on the outcome of the appeal. *Id.* at 5. The Ninth Circuit, thus, dismissed the appeal as premature, and the dismissal took effect as of July 30, 2020, when the Ninth Circuit issued its Mandate. Dkt. 310.

On January 12, 2022, Plaintiffs filed the subject Motions for Entry of Judgment Pursuant to Rule 54(b) ("Plaintiffs' Motions"), requesting the district court direct entry of final judgment as to the claims that were adjudicated in the MSJ Order (Dkt. 169), pursuant to Fed. R. Civ. P. 54(b). Dkt. 312 at 2; Dkt. 313 at 2. In the alternative, Plaintiffs request the court dismiss their ninth and tenth causes of action against the DEA Defendants without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), on the grounds that these claims are dependent on the adjudicated claims and were rendered moot by the MSJ Order. Dkts. 312 at 2-3. Plaintiffs also request, in the alternative, that the court dismiss Defendants' counterclaims as moot. Dkt. 313 at 2-3.

The DEA Defendants and Langan (collectively, "Defendants") oppose Plaintiffs' Motions and separately move for orders dismissing the action in its entirety due to Plaintiffs' failure to prosecute the action after appeal ("Defendants' Motions"). Dkts. 323, 325, 326, 327, 328. The DEA Defendants alternatively request the court grant judgment in their favor on Plaintiffs' ninth and tenth causes of action. Dkt. 323 at 2-3.

The action was reassigned to this court on January 13, 2022, and reopened on March 9, 2022. Dkts. 316, 335. On March 11, 2022, the court took the parties' Motions under submission, finding them appropriate for resolution without oral argument. Dkt. 336; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

/ / /

/ / /

## II.    DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE

As an initial matter, Defendants request the court dismiss the action in its entirety, pursuant to Rule 41(b), arguing that Plaintiffs failed to prosecute the action following the issuance of the Ninth Circuit's Mandate on July 30, 2020.  Dkt. 323 at 2; Dkt. 328 at 2.  Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

In the Ninth Circuit, district courts must consider five factors to dismiss a case as a sanction:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citations omitted).

In the case at hand, the Ninth Circuit issued its formal Mandate on July 30, 2020, dismissing Plaintiffs' appeal.  Dkt. 310.  Unfortunately, as Judge Real had passed away on June 26, 2019, the district court did not reopen the action, enter Judgment, or take any other action upon receipt of the Ninth Circuit's Mandate. Neither Plaintiffs nor Defendants filed any documents with the district court between the court's receipt of the Mandate on July 30, 2020 and Plaintiffs' filing of their Motions for Entry of Judgment on January 12, 2022 (Dkts. 312, 313).

Defendants contend the court should dismiss the entire action with prejudice, without entry of an appealable final Judgment, arguing they will be prejudiced if Plaintiffs are allowed to reassert their appeal.  Dkt. 323-1 at 7-13; Dkt. 328-1 at 9-15. Defendants, however, do not cite any legal authority for the proposition that a district

court may bar parties from appealing claims and issues on which summary judgment was granted in the opposing parties' favor, based upon the dismissal of other claims for failure to prosecute.  The court further notes that the parties have already stipulated to dismiss Plaintiffs' remaining claims without prejudice.  Thus, the dismissal of the remainder of this action based on Rule 41(b) would appear to serve as a final Judgment that would trigger Plaintiffs' right to appeal the MSJ Order.  *See* Fed. R. Civ. P. 41(b).

Furthermore, while the court does not condone Plaintiffs' delay in filing their Motions, the court also recognizes that Defendants did not seek entry of judgment during the same time period or submit any other filings to the court, despite having prevailed on summary judgment on all of Plaintiffs' independent claims.  While Defendants now argue they have been prejudiced by Plaintiffs' delay in seeking entry of judgment, Defendants could have brought their own request for entry of judgment at any time during the intervening 16 months.  After all, Defendants argue they are the prevailing parties (Dkt. 323-1 at 5; Dkt. 328-1 at 7), and it is normally the prevailing party in an action that seeks entry of judgment—not the party against whom judgment was granted.  It would be inappropriate for the court to penalize Plaintiffs for failing to file a request that Defendants could have made as easily.

In these circumstances, the court finds that all of the relevant factors weigh against the dismissal of this action under Rule 41(b).  All of the *Yourish* factors would be better resolved through entry of judgment on Plaintiffs' ninth and tenth causes of action against the DEA Defendants and dismissal of Defendants' counterclaims, as discussed below, than through dismissal pursuant to Rule 41(b).  The court, therefore, DENIES Defendants' requests to dismiss the action pursuant to Rule 41(b).  Dkts. 323, 328.  The court will address the DEA Defendants' alternative request for entry of judgment in connection with the discussion of Plaintiffs' Motions below.

/ / /

/ / /

9

1    **III.    THE PARTIES' REQUESTS FOR ENTRY OF JUDGMENT**

2            Plaintiffs request the court (1) direct entry of final judgment pursuant to Rule

3    54(b), or in the alternative, (2) dismiss Plaintiffs' claims for equitable indemnity and

4    declaratory relief against the DEA Defendants without prejudice pursuant to Rule

5    41(a)(2) and dismiss Defendants counterclaims without prejudice pursuant to Fed. R.

6    Civ. P. 12(b)(1) and (b)(6) ("Rule 12(b)").  Dkt. 312 at 2; Dkt. 313 at 2.  The DEA

7    Defendants alternatively request the court enter judgment in their favor on Plaintiffs'

8    ninth and tenth causes of action pursuant to Rule 12(c).  Dkt. 323 at 2-3.

9            Plaintiffs contend the court should approve the parties' Joint Stipulation and

10    dismiss without prejudice Plaintiffs' remaining claims against the DEA Defendants

11    and Defendants' counterclaims, because the court's MSJ Order is final for purposes of

12    the court's analysis under Rule 54(b) and because no just reason for delay exists.  Dkt.

13    312-1 at 10-11; Dkt. 313-1 at 10-11.  According to Plaintiffs, the court should direct

14    entry of final judgment only as to the adjudicated substantive claims because such an

15    order would permit Plaintiffs to obtain appellate review of their substantive claims

16    without needless delay due to the presence of the remaining separable claims.  Dkt.

17    313-1 at 10.  The DEA Defendants, in turn, argue the court should grant judgment on

18    Plaintiffs' remaining claims for equitable indemnity and declaratory relief in these

19    Defendants' favor, on the grounds that Plaintiffs' remaining claims are dependent

20    upon claims that were summarily adjudicated in Defendants' favor.  Dkt. 323-1 at 15-

21    16, 18.

22            It is undisputed that Plaintiffs' remaining ninth and tenth causes of action

23    against the DEA Defendants are dependent upon claims that were decided in the DEA

24    Defendants' favor in Judge Real's order granting the DEA MSJ, Dkt. 169.   Dkt. 312-

25    1 (Pl. Mem.) at 14 ("Plaintiffs' remaining claims, which are not independently

26    actionable, are dependent upon the success of Plaintiffs' primary, litigable claims—

27    claims that the district court summarily adjudicated in favor of David Evans and

28    Langan); Dkt. 323-1 (DEA Mem.) at 3 n. 1 ("Plaintiffs have admitted on multiple

occasions that their equitable indemnity and declaratory relief claims were (and are) dependent on their other claims that were summarily adjudicated in favor of DEA, and that the two remaining claims were not independently litigable."). Thus, Plaintiffs' remaining ninth and tenth causes of action against the DEA Defendants fail as a matter of law and pursuant to Plaintiffs' admissions, unless the Ninth Circuit reverses Judge Real's MSJ Order.

Plaintiffs do not cite any legal authority to establish that it is more appropriate for the court to dismiss their remaining claims without prejudice in these circumstances, rather than granting judgment in the DEA Defendants' favor on these claims.[2] *See* Dkt. 329 (Opp. to DEA Mot.) at 13-14; Dkt. 332 (Pl. Reply ISO Pl. Mot.) at 7. The court, therefore, finds it is appropriate to GRANT judgment in the DEA Defendants' favor on Plaintiffs' remaining ninth and tenth causes of action and to DISMISS Defendants' counterclaims as moot. As this order resolves all remaining claims in this action, the court ENTERS Judgment in favor of the Defendants DEA, HFI, and Langan and against Plaintiffs.

**IV.**   **CONCLUSION**

For these reasons, the court GRANTS judgment in the DEA Defendants' favor on Plaintiffs' ninth and tenth causes of action (Dkt. 323) and DENIES Plaintiffs' requests for entry of final judgment pursuant to Rule 54(b) (Dkts. 312, 313).

---

[2] Plaintiffs contend it would be procedurally improper for the court to grant judgment on their ninth and tenth causes of action under Rule 12(c) because "a motion for judgment on the pleadings is a procedural mechanism for bringing the sort of challenge to the sufficiency of the pleadings normally brought under Rule 12(b) during the initial stages of a case." Dkt. 329 at 14. The court disagrees. Pursuant to Rule 12(d), the court may consider matters outside the pleadings after all parties have been given a reasonable opportunity to present all material pertinent to the motion. As Plaintiffs admit their ninth and tenth causes of action against the DEA Defendants are dependent upon claims that have already been adjudicated in these Defendants' favor, the court finds that Plaintiffs have been given a reasonable opportunity to present all materials relevant to this issue.

Plaintiffs' request to dismiss Defendants' counterclaims (Dkt. 313) is GRANTED in the alternative, and Defendants' counterclaims are DISMISSED as moot. The court GRANTS the parties' Joint Stipulation (Dkt. 293), except to the degree that the stipulation conflicts with this order. The court ENTERS Judgment in Defendants DEA, HFI, and Langan's favor and against Plaintiffs on the Complaint.[3]

Nothing in this order should be construed as barring Plaintiffs from appealing Judge Real's MSJ Order (Dkt. 169) or this court's grant of judgment in the DEA Defendants' favor on Plaintiffs' ninth and tenth causes of action, in light of the prior ruling. As the Ninth Circuit has recognized that the prior appeal was premature, the parties' deadline to file an appeal will begin upon the entry of this order, and the parties shall have 30 days from the entry of this order to file any notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A).

Finally, it appears to the court that the parties could have informally resolved their disputes regarding the timing and procedures of entry of judgment and the filing of Plaintiffs' appeal had they reasonably communicated with one another in good faith. The parties' inability to communicate reasonably has led to unnecessary work on the part of this court and the Ninth Circuit, as well as additional motion practice and litigation expenses incurred by Plaintiffs and Defendants, over what should ordinarily be a straightforward matter—the entry of judgment in the prevailing parties' favor after all independent claims were resolved on summary judgment.

The court, therefore, REMINDS the parties of their professional duty to act with civility, professionalism, and courtesy and ORDERS all remaining parties' counsel to read and review the Central District of California's Civility and

---

[3] The court DENIES the parties' requests for judicial notice as unnecessary for the disposition of these Motions. The court SUSTAINS Defendants' evidentiary objections (Dkts. 325-3, 325-4, 325-5, 325-6, 327-2) on the grounds of relevance, finding that the submitted declarations and evidence are not necessary for the court's ruling on the subject Motions.

Professionalism Guidelines, which are available at:

https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.  The parties' counsel are ORDERED to file declarations within 14 days of this order, signed by all attorneys that are currently representing these parties in this action, attesting to their review of these guidelines in their entirety.


        IT IS SO ORDERED.


Dated: March 31, 2022

        FERNANDO L. AENLLE-ROCHA
        United States District Judge